FOR PUBLICATION

IN THE SUPREME COURT OF TENNESSEE

AT JACKSON

FILED

**March 23, 1998**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

STATE OF TENNESSEE,                  (
                                     (
          Appellee,                  (
                                     (  Gibson Criminal
                                     (
                                     (  Hon. Dick Jerman, Judge
v.                                   (
                                     (  No. 02S01-9612-CC-00108
                                     (
                                     (
RONNIE MICHAEL CAUTHERN,             (
                                     (
          Appellant.                 (


                    **CONCURRING OPINION**



          I concur in affirming the conviction for first degree

murder and the sentence of death in this case.


          Though it was error to charge the jury the revised 1989

definition of aggravating circumstance (i)(5), as I stated in State

v. Bush, 942 S.W.2d 489 (Tenn. 1997), where the same error was

made:


                    While "depravity of mind," in my view, is
               fatally deficient in meaning, the language of
               the 1989 statute, "serious physical abuse
               beyond that necessary to produce death," is
               plain and provides a meaningful standard for
               determining the appropriateness of death as a
               penalty.  As a practical matter, then, the
               substantive effect of the "error" in this case
               was to elide, or even to correct, the

unconstitutional portion of this aggravating circumstance.

_Id._ at 526. Consequently, as in _Bush_, I agree that giving the erroneous instruction to the jury is not grounds for reversal of the sentence.

Additionally, though in some prior cases I have found that the evidence was insufficient to establish torture as an aggravating circumstance, _see_ _e.g._, _State v. Odom_, 928 S.W.2d 18, 26 (Tenn. 1996); _State v. Cazes_, 875 S.W.2d 253, 272 (Tenn. 1994) (Reid, J., concurring and dissenting); _State v. Van Tran_, 864 S.W.2d 465, 483 (Tenn. 1993) (Reid, C.J., concurring and dissenting); _State v. Black_, 815 S.W.2d 166, 196 (Tenn. 1991) (Reid, C.J., concurring and dissenting), the facts of this case support a finding of torture. "Torture involves the infliction of pain by a perpetrator upon a victim. It necessarily involves the intent by the perpetrator to cause the victim to suffer" pain beyond that necessary to produce death. _State v. Hodges_, 944 S.W.2d 346, 361-62 (Tenn. 1997) (Reid, J., dissenting). Here, the facts show that Rosemary Smith was placed in a closet while her husband was murdered, and then raped twice before she was strangled. The evidence of torture in this case is significantly greater than in these previous cases; consequently, I agree that the evidence supports aggravator (i)(5).

For the reasons set forth by the majority, the sentence of life without parole is not applicable to this case; however, I

-2-

do not agree that the defendant can waive the charging of an applicable sentence to the jury.  Where the offense of first degree murder is committed on or after July 1, 1993, the statute specifically provides that the jury shall determine "whether the defendant shall be sentenced to death, to imprisonment for life without possibility of parole, or to imprisonment for life."  Tenn. Code Ann. § 39-13-204 (Supp. 1996).Particularly in capital cases, the constitutional rights of a defendant subject to sentencing, as well as the State's interest in just sentences, require that the jurors be given an accurate instruction regarding every possible sentence for a crime, despite the contrary desires of the defendant.

The prosecutor's closing argument was, as discussed in the majority opinion, totally inappropriate; however, it probably did not affect the sentence given the evidence in the record. Likewise, it was error to exclude the note written to the defendant by his son and the majority correctly placed the burden on the State to prove that the error did not affect the sentence.  As reasoned in the majority opinion, given the evidence in mitigation concerning the relationship between the defendant and his son, the error was harmless beyond a reasonable doubt.

Though I have previously found that the proportionality review utilized by the Court was deficient in both form and substance, this opinion discusses factors which are relevant and significant and it uses life imprisonment cases as well as capital

cases.  It appears that the majority is making modest progress in developing a rational and realistic procedure for determining proportionality, and I do not disagree with the conclusion that death is not a disproportionate sentence in this case.

I agree that the record does not reveal any reversible error; accordingly, I concur in affirming the conviction and sentence.

_____
Reid, J.